███████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| PROXENSE, LLC, | |
| *Plaintiff*, | |
| v. | CIVIL ACTION NO. 6:24-cv-00143-ADA |
| APPLE INC., | ████████████ |
| *Defendant*. | |

**DEFENDANT APPLE INC.'S OPPOSED MOTION TO TRANSFER VENUE TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

1611029470

████████████████

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................... 1

II.   BACKGROUND ..................................................................................................... 2

      A.    Apple Pay, Apple Wallet And Their Relevant Components. ............................... 2

      B.    Apple And Its Expected Trial Witnesses Are Largely Based In California,
            While None Are In This District. ..................................................................... 2

      C.    Neither Proxense Nor Its Expected Trial Witnesses Are In This District. ........... 6

III.  LEGAL STANDARD ............................................................................................. 6

IV.   THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE
      CONVENIENT VENUE. ........................................................................................ 6

      A.    This Case Could Have Been Brought In The NDCA. ......................................... 7

      B.    The Private Interest Factors Favor Transfer to The NDCA. ............................... 7

            1.    The Cost of Attendance And Convenience Of Willing Witnesses
                  Strongly Favors Transfer. ..................................................................... 7

            2.    The Relative Ease of Access to Sources of Proof Strongly Favors
                  Transfer. .............................................................................................. 10

            3.    The Availability Of Compulsory Process Factor Favors Transfer. ......... 11

            4.    In Prior Decisions, The Court Has Ruled That "The Other Practical
                  Problems" Factor Disfavors Transfer. ................................................... 12

      C.    The Public Interest Factors Favor Transfer Or Are Neutral. ............................. 13

            1.    The Court Congestion Factor Is Neutral. ............................................... 13

            2.    The Local Interest Factor Favors Transfer. ........................................... 13

            3.    Familiarity With Governing Law And Conflicts Of Law Are
                  Neutral. ................................................................................................ 15

V.    CONCLUSION ..................................................................................................... 15

████████████

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010)...........................................................................................10

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020)....................................................................................11, 13

*In re Apple Inc.*,
   No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ...........................................11, 13

*In re Apple Inc.*,
   No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ...........................................13, 14

*In re Clarke*,
   94 F.4th 502 (5th Cir. 2024) .......................................................................................8, 14

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)..............................................................................7, 10, 13

*In re Google LLC*,
   58 F.4th 1379 (Fed. Cir. 2023) ..............................................................................1, 9, 13

*In re Google LLC*,
   No. 2021-178, 2021 WL5292267 (Fed. Cir. Nov. 15, 2021) ..................................................11

*In re Hoffman-La Roche, Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009)........................................................................................14

*In re Honeywell*,
   No. 2023-152, 2024 WL 302397 (Fed. Cir. Jan. 26, 2024) ..........................................1, 10, 13

*Magic Cross Ranch, L.P. v. Manion*,
   No. 3:12-CV-00541-P, 2012 WL 13027449 (N.D. Tex. Sept. 25, 2012)...............................15

*In re NetScout Sys., Inc.*,
   No. 2021-173, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021)...................................................8

*Parus Holdings, Inc. v. Microsoft Corp.*,
   No. 6:21-CV-00570-ADA, 2022 WL 17420391 (W.D. Tex. Nov. 29, 2022).........................14

*Proxense, LLC v. Google LLC*,
   No. 6:23-cv-320-ADA, Dkt. No. 63 (W.D. Tex. Jan. 23, 2024) ...........................................13

1611029470

*Proxense, LLC v. Microsoft Corp.*,
  No. 6:23-cv-319-ADA, Dkt. No. 61 (W.D. Tex. Apr. 18, 2024) .........................................1, 13

*In re Samsung Elecs. Co., Ltd.*,
  2 F.4th 1371 (Fed. Cir. 2021) ...................................................................................................13

*In re Samsung Elecs. Co., Ltd.*,
  No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023)....................................................9

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  581 U.S. 258 (2017)....................................................................................................................7

*In re TikTok, Inc.*,
  85 F.4th 352 (5th Cir. 2023) ...................................................................................7, 9, 10, 14

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) .....................................................................................................7

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) (en banc) .................................................................................1, 6

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................1, 6, 7

35 U.S.C. § 1400(b) ...................................................................................................................7

1611029470

Defendant Apple Inc. ("Apple") moves under 28 U.S.C. § 1404(a) to transfer this case filed by Plaintiff Proxense, LLC. ("Proxense") to the United States District Court for the Northern District of California ("NDCA").

## I.    INTRODUCTION

Under a straightforward application of the *Volkswagen* factors, the NDCA is clearly the more convenient venue for this dispute, so transfer to that district is warranted. This case has numerous connections to the NDCA but little or no relevant connections to this District. Notably: (1) Apple is headquartered in Cupertino, California and has identified ten employees who are likely trial witnesses in the NDCA, two in Prague, and no likely trial witnesses in this District; (2) Apple's key sources of proof, ████████████████████████████████ are primarily located in Cupertino while little (if any) unique sources of proof are in this District; (3) Proxense is a Delaware company with its principal place of business in Bend, Oregon, with no known witnesses, evidence, or connections to this District; (4) the two named inventors on the six asserted patents, John J. Giobbi and David L. Brown, are listed on the face of the patents as living in Bend, Oregon and Jupiter, Florida, respectively; (5) Apple has identified third parties within the subpoena power of the NDCA that likely have relevant information to this case; and (6) the case is in it its early stages with no fact discovery having been taken and claim construction months away.

The unique facts of this case are distinguishable from the Court's opinions in the *Microsoft* and *Google* cases. Here, the clear convenience of relevant parties, witnesses, and evidence favors transfer and outweighs any "incremental gains" in judicial efficiency. *In re Honeywell*, No. 2023-152, 2024 WL 302397, at *3 (Fed. Cir. Jan. 26, 2024).

1611029470

## II.    BACKGROUND

### A.    Apple Pay, Apple Wallet And Their Relevant Components.

Proxense claims that Apple infringes United States Patent Nos. 9,298,905, 8,352,730, 8,886,954, 10,698,989, 9,049,188, and 8,646,042 (the "asserted patents") by selling devices that support Apple Pay. *See* Dkt. No. 1, Complaint ¶¶ 19-24, 64. Specifically, Proxense claims that Apple Pay-enabled products infringe the asserted patents when users make contactless payment transactions and user authentication occurs through Face ID, Touch ID, or Optic ID. *Id*. ¶¶ 65, 67-68. Proxense's allegations also implicate a component in Apple's products called the "Secure Enclave," which "manages the authentication process and allows a payment transaction to proceed." *Id*. ¶ 68; *see also* Ex. 1 at 1.

To use Apple Pay, users first add their credit or debit cards to the Wallet app on their iPhone. Ex. 2 at 1. To make a payment at an Apple Pay-enabled POS terminal, users either "[h]old the top of [their] iPhone near the contactless reader until Done and a checkmark appear[s] on the display," or "[h]old the display of [their] Apple Watch near the contactless reader until [they] feel a gentle tap and hear a beep." Ex. 3 at 1-2. Users can also pay using Apple Pay online or within apps on their Apple Pay-enabled devices on iPhone, iPad, Apple Watch, Mac, and Vision Pro. *Id*. Apple Pay is widely accepted by retailers, websites, and apps across the United States and is not unique to Texas. *See* Ex. 4 at 3, 7, 10.

### B.    Apple And Its Expected Trial Witnesses Are Largely Based In California, While None Are In This District.

Apple has been headquartered in Cupertino, California since its founding in 1976. Apple does not deny that it has a presence in Austin, Texas. *See, e.g.*, Answer ¶ 2. However, Apple's primary management, research and development, marketing, finance, and legal operations related to the accused products are in the NDCA. *See* ███████ Decl. ¶ 4; █████ Decl. ¶ 5; █████

2

████████████████

Decl. ¶ 5; ████ Decl. ¶ 4; ████ Decl. ¶ 4; ████ Decl. ¶ 4; ████ Decl. ¶ 4; ████ Decl. ¶ 4; ████ Decl. ¶ 4; and ████ Decl. ¶ 5. Specific to this case, Apple has teams of engineers who design, develop, and implement the accused features, and the vast majority of that activity takes place at or near Apple's Cupertino headquarters and little of that activity takes place in this District. *See* ████ Decl. ¶ 4; ████ Decl. ¶ 5; ████ Decl. ¶ 4; ████ Decl. ¶ 4; ████ Decl. ¶ 4; ████ Decl. ¶ 4; ████ Decl. ¶ 4. Also, the relevant Apple employees involved in the marketing, licensing, and financials of the accused products work in or near Cupertino and little of that activity takes place in this District. *See* ████ Decl. ¶ 4; ████ Decl. ¶ 5; ████ Decl. ¶ 5.

Based on Proxense's allegations, nearly all of the expected Apple trial witnesses live and work in the NDCA with two in Prague, Czech Republic. To demonstrate this, Apple provides the following table of the expected Apple trial witnesses, along with each of their titles, work locations, and a summary of their expected testimony:

| Name | Title | Location | Expected Testimony |
|------|-------|----------|-------------------|
| ████ | Software Engineering Manager | Cupertino, CA | Research, design, development and operation of the accused software features and products, including Apple Wallet and Apple Pay. |
| ████ | Engineering Director | Cupertino, CA | Research, design, development and operation of the Secure Enclave processor utilized for biometric authentication for Apple Pay transactions. |
| ████ | Software Engineering Director | Cupertino, CA | Research, design, development, and operation of Platform Security, including the Secure Enclave processors for Apple Pay transactions. |
| ████ | Software Development Engineering Manager | Prague, Czech Republic | Research, design, development, and operation of local authentication frameworks and Apple Credential Manager utilized for biometric |

3

███████████

| Name | Title | Location | Expected Testimony |
|---|---|---|---|
| | | | authentication for Apple Pay transactions. |
| ████ | Software Development Engineering Manager | Prague, Czech Republic | Research, design, development, and operation of frameworks involved in biometric authentication for Apple Pay transactions. |
| ████ | Machine Learning Manager | Cupertino, CA | Research, design, development and operation of Optic ID and Face ID utilized for biometric authentication for Apple Pay transactions. |
| ████ | Software Engineer | Cupertino, CA | Research, design, development and operation of the Passkeys feature for Apple Pay transactions. |
| ████ | Software Engineering Manager | Cupertino, CA | Research, design, development and operation of non-payment related functions of Apple Pay and Apple Wallet. |
| ████ | Senior Engineering Manager | Cupertino, CA | Research, design, development and operation of server platform for Apple Wallet. |
| ████ | Finance Manager | Cupertino, CA | Sales and financial information for Apple products that utilize Apple Wallet and Apple Pay. |
| ████ | Head of Special Deals and Analytics | Cupertino, CA | Intellectual property licensing and commercial and product transaction agreements relating to the field of the accused functionalities in this case. |
| ████ | Marketing Director | Cupertino, CA | Marketing of the accused features and accused products that utilize Apple Wallet and Apple Pay. |

*See* ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.; ████ Decl.

As demonstrated above, Apple expects several of its trial witnesses to testify about the technical aspects of this case, including the design, development, and operation of Apple Pay and Apple Wallet, the Secure Enclave and Passkeys, Local Authentication frameworks, and

1611029470

██████████████████

biometric authentication. Several of its other anticipated trial witnesses will testify about Apple's marketing, licensing, and finances related to Apple Pay and Apple Wallet.

Proxense may point to non-payment related features of Apple Pay and Apple Wallet and Apple employees in this District who work on those features. However, to the extent that non-payment related features are relevant to Proxense's claims, ████████ who is based in Cupertino, has knowledge that exceeds that of any Austin-based employee related to these features. *See* █████ Decl. ¶ 5.

Proxense may also ████████████████████████████████ ████████████ However, ███████████████████████████ ███████████████████████████████████████████ ████████████████████████████████. *See* █████ Decl. ¶ 10. ████████████████████████████████████ ███████████████████ *Id.*

The complaint names four Austin-based Apple employees: (1) Alexander Antunovic; (2) Alex Coulter; (3) Geoff Johnson; and (4) Jennifer Cervantes. These employees work on business aspects of Apple Pay and other unaccused products that are not central to issues of liability or damages in this case and are not likely trial witnesses. *See* Antunovic Decl. ¶ 3; Coulter Decl. ¶ 3; Johnson Decl. ¶¶ 3-4; Cervantes Decl. ¶¶ 3-4.

In short, nearly all of Apple's expected trial witnesses are in California and none are in Texas.[1]

---

[1] Certain of Apple's Austin-based employees work on ████████████████████████████ ████████ *See* █████ Decl. and █████ Decl. Other Austin-based Apple employees work ████████████████████████████████████████████

**C.     Neither Proxense Nor Its Expected Trial Witnesses Are In This District.**

Proxense is a Delaware company with a principal place of business in Bend, Oregon. Complaint ¶ 2. Apple therefore expects Proxense's employees to live and work in Bend, Oregon or the surrounding area. And the asserted patents appear to have been developed in Bend, Oregon and Jupiter, Florida. *See* Complaint Exs. 1-6. The sole inventor of four of the asserted patents, John J. Giobbi, appears to be located in Bend, Oregon according to his LinkedIn profile. *See* Ex. 5. The sole inventor of the other two asserted patents, David L. Brown, appears to be located in Chattanooga, Tennessee according to his LinkedIn profile. *See* Ex. 6. And Proxense's complaint does not identify any alleged connection between it and this District or Texas.

## III.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). The movant must show "good cause" by demonstrating that the "transferee venue is clearly more convenient" than the transferor district. *In re Volkswagen of Am., Inc*., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

## IV.    THE NORTHERN DISTRICT OF CALIFORNIA IS CLEARLY THE MORE CONVENIENT VENUE.

The NDCA is the most convenient forum for this case. Apple is headquartered there and the bulk of the anticipated trial witnesses and evidence relevant to this case are located there. The private and public interest factors therefore favor transfer to the NDCA.

---

█ Decl.; *see generally* Complaint.

1611029470

### A.    This Case Could Have Been Brought In The NDCA.

A patent infringement case "may be brought in the judicial district where the defendant resides[.]" 35 U.S.C. § 1400(b). A corporate defendant "resides" in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). Thus, this case could have been brought in the NDCA because Apple is incorporated in California. *See* Complaint ¶ 6.

### B.    The Private Interest Factors Favor Transfer to The NDCA.

The private interest factors strongly favor transfer because the relevant witnesses and evidence are overwhelmingly in the NDCA and Apple is aware of none in this District.

#### 1.    The Cost of Attendance And Convenience Of Willing Witnesses Strongly Favors Transfer.

The convenience of witnesses factor is "probably the single most important factor in [the] transfer analysis[.]" *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). "When the distance between an existing venue for trial … and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004).

The convenience of witnesses strongly favors transfer here, because most of the expected Apple trial witnesses are in the NDCA and Proxense has identified no witnesses in this District. *See supra* Section II; *see also In re TikTok, Inc.*, 85 F.4th 352, 362 (5th Cir. 2023) (finding that the NDCA was "clearly more convenient" when the "bulk of relevant witnesses" resided outside of Texas).

The relevant Apple engineers who are involved in or know about the design, development, and implementation of the accused Apple Pay, the Secure Enclave and Passkeys, biometrics, and local authentication features are concentrated in the NDCA, with some in

████████████████████

Prague. *See supra* Section II.A. Although Apple has employees who work on Apple Pay features at its Austin campus, none of them are likely trial witnesses because the people with the most complete set of knowledge about the design and development of the accused features are not in Austin. *See supra* Section II.B; ██████ Decl. ¶ 6; ██████ Decl. ¶¶ 3-4; ██████ Decl. ¶¶ 6-9; ██████ Decl. ¶¶ 4-5; ██████ Decl. ¶ 5. As for the two expected trial witnesses based in Prague, the NDCA is only slightly farther away than Austin—5,800 miles versus 5,500 miles— and the flight times are nearly equivalent. *Compare* Ex. 7 *with* Ex. 8. At minimum, this District is no more convenient for both of them to attend trial than in the NDCA, ████████████████ ████████████████████████████████████ ██████ *See, e.g.,* ██████ Decl. ¶ 4. And the Apple witnesses who will testify about the marketing, licensing and finances related to the accused products and features are in the NDCA, and none are in this District. *See supra* Section II.A.

Apple's Cupertino-based witnesses are a short car ride from the three courthouses in the NDCA, but are a thousand-plus-mile plane ride from Austin. *Compare* Ex. 9 *with* Ex. 10. If this case is tried in this District, Apple's trial witnesses will need to spend days away from home as opposed to less than one day if the trial takes place in the NDCA. *See In re NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at *3 (Fed. Cir. Oct. 13, 2021) (the "convenience of the witnesses is best served if the court can 'minimize the time when [witnesses] are removed from their regular work or home responsibilities.'"). Trial in the NDCA therefore will be far more convenient for Apple's witnesses, whereas trial in this District will cause those witnesses to suffer personal and professional hardships. *In re Clarke,* 94 F.4th 502, 508 (5th Cir. 2024).

Proxense has no employees in Texas and has not identified any witnesses in Texas that have information relevant to this case. Proxense's CEO and inventor, John J. Giobbi, and

inventor David L. Brown, are the only identified Proxense witnesses and appear to be located in Bend, Oregon and Chattanooga, Tennessee, respectively. *See supra* Section II.C. On balance, the inconvenience of each forum is relatively equivalent. *Compare* Exs. 11 and 13 *with* Exs. 12 and 14.

Proxense might point to Apple's Austin-based campus to suggest that potential witnesses work there. But as *TikTok* and *Samsung* establish, a defendant's presence in the transferor district cannot be weighed in the transfer analysis unless record evidence establishes that particular employees possess material and relevant information. The Federal Circuit has held in transferring a case from this District to the NDCA, "the presence of some Samsung employees in Eastern Texas, who have no technical knowledge of the accused functionality here, 'cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in' WDTX." *In re Samsung Elecs. Co., Ltd.*, No. 2023-146, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023) (quoting *TikTok*, 85 F.4th at 361); *In re Google LLC,* 58 F.4th 1379, 1384, n.2 (Fed. Cir. 2023) (explaining that even if there were a number of potential witnesses with relevant information in Texas that would not alter the "imbalanced nature of where the potential [moving party] witnesses are located" and weighing witness convenience "firmly" in favor of transfer).

The Fifth Circuit's decision in *TikTok* also is instructive. There, transfer was proper despite TikTok's "large presence in the Western District of Texas in the form of a 300-person office in Austin" as the employees located there did not possess business or engineering information relevant to the instant suit. *TikTok*, 85 F.4th at 356-57. Here, the convenience factor supports transfer because most of the relevant witnesses are in the NDCA, not in this District.

*Id.*; *Honeywell*, 2024 WL 302397, at *2-3 (factor favored transfer to the district where the majority of witnesses were located).

Therefore, the most important factor in the transfer analysis—the convenience of the witnesses—strongly favors transfer to the NDCA.

### 2.    The Relative Ease of Access to Sources of Proof Strongly Favors Transfer.

"[T]he place where the defendant's documents are kept weighs in favor of transfer to that location." *Genentech*, 566 F.3d at 1345. In determining the ease of access to sources of proof, courts look to the location where the allegedly infringing products were "researched, designed, developed and tested." *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010).

Here, the NDCA is the primary location



. *See* ▮▮▮ Decl. ¶ 6; ▮▮▮ Decl. ¶ 5; ▮▮▮ Decl. ¶¶ 3, 11; ▮▮▮ Decl. ¶ 6; ▮▮▮ Decl. ¶ 5; ▮▮▮ Decl. ¶ 5; ▮▮▮ Decl. ¶ 5; ▮▮▮ Decl. ¶ 6; ▮▮▮ Decl. ¶ 4. For this reason, ▮▮▮

▮▮▮ involving Apple Pay transactions—which are implicated by Proxense's infringement allegations—are primarily stored in the NDCA. *See* ▮▮▮ Decl. ¶ 6; ▮▮▮ Decl. ¶ 6; ▮▮▮ Decl. ¶ 5. ▮▮▮

▮▮▮ from the NDCA. *See* ▮▮▮ Decl. ¶ 5; ▮▮▮ Decl. ¶ 5. And because Apple's marketing employees who are most knowledgeable about the accused products are based in the NDCA, ▮▮▮

▮▮▮ from the NDCA. *See* ▮▮▮ Decl. ¶¶ 4, 5. In contrast, Apple has identified little to no relevant sources of proof at Apple's facilities in Austin. Proxense also has not pointed

1611029470

███████████████████

to any sources of proof—either its own or others—in this District or anywhere else in Texas. *See generally* Complaint.

The Federal Circuit has held that the location of document custodians bears on the ease of access to documents. *In re Google LLC*, No. 2021-178, 2021 WL5292267, at *2 (Fed. Cir. Nov. 15, 2021); *see also In re Apple Inc*., No. 2021-181, 2021 WL 5291804, at *2 (Fed. Cir. Nov. 15, 2021) (nonprecedential) ("The district court should have compared the ease of access in the Western District of Texas *relative* to the ease of access in the Northern District of California") (emphasis in original); *In re Apple Inc.*, 979 F.3d 1332, 1339-40 (Fed. Cir. 2020) ("[M]ovant need not show that all relevant documents are located in the transferee venue to support a conclusion that the location of relevant documents favors transfer.").

The same is true here, ████████████████████████████████
████████████████████████████████████. *See* ██████ Decl. ¶ 5; ██████
Decl. ¶ 6; ████████ Decl. ¶ 6; ████████ Decl. ¶ 5. Because most of the relevant sources of proof are in the NDCA and none are in this District, this factor strongly favors transfer.

### 3.    The Availability Of Compulsory Process Factor Favors Transfer.

The availability of compulsory process factor favors transfer because third-party witnesses are within the subpoena power of the NDCA and not this District.

The complaint alleges that the firm Patent Law Works contacted Apple about an offer to sell Proxense's patent portfolio in 2016. Complaint, ¶¶ 117, 133, 149, 163, 194, 219, Ex. 39. Patent Law Works is subject to the subpoena power of the NDCA because it has offices in Silicon Valley, but not in this District. *Id.*, Ex. 39. The pre-suit communications alleged in the complaint were directed to Apple in Cupertino. *Id.*; ██████ Decl. ¶ 4. One of the attorneys from Patent Law Works who communicated with Apple, Mr. Greg T. Sueoka, conducts business in

California as demonstrated by his California State Bar and LinkedIn profiles. Exs. 15, 16. Patent Law Works and Mr. Sueoka's NDCA presence support transfer.

Apple also has identified multiple third-party prior art inventors who live and work in the NDCA. As one example, Apple has identified U.S. 9,042,819 to Robin Dua. *See* Ex. 15. Mr. Dua was listed on the face of the patent as residing in San Francisco, California, and based on public searches it appears he still resides there. Exs. 17, 18. Further, Apple has identified EP1536306A1 to Mark Buer, Edward H. Frank, Nambirajan Seshadri. Ex. 19. The prior art inventors are listed on the face of the patent as residing in Gilbert, Arizona, Atherton and Irvine, California. Ex. 19. Public records indicate that at least Mr. Seshadri still lives in Irvine, California, which is within the subpoena power of the NDCA. Ex. 20. These inventors may be called to come to trial.

The complaint alleges that "Apple has also partnered with third parties, such as Austin Telco Federal Credit Union, to utilize credit and debit cards issued by those third parties." Complaint ¶¶ 16-17. But the complaint does not allege that Austin Telco is uniquely significant to this case. *Id.* To the extent that the Court finds Austin Telco a relevant third party, multiple credit unions and banks located in the NDCA offer Apple Pay to make purchases with credit and debit cards issued by them, including SF Fire Credit Union and San Francisco Federal Credit Union, which allows users to "add a credit card or debit card issued by San Francisco Federal Credit Union ("Card") to a Digital Wallet such as Apple Pay ("Wallet")." *See* Exs. 21, 22.

Given the location of likely third-party witnesses in California, this factor favors transfer.

### 4. In Prior Decisions, The Court Has Ruled That "The Other Practical Problems" Factor Disfavors Transfer.

The "other practical problems" factor assesses whether a transfer would impact judicial efficiency. This Court has found judicial efficiency disfavors transfer in two prior Proxense cases (and the Federal Circuit has found those findings of judicial efficiency "reasonable"). *See*

12

*Proxense, LLC v. Microsoft Corp.*, No. 6:23-cv-319-ADA, Dkt. No. 61 (W.D. Tex. Apr. 18, 2024); *Proxense, LLC v. Google LLC*, No. 6:23-cv-320-ADA, Dkt. No. 63 (W.D. Tex. Jan. 23, 2024). However, as the Federal Circuit has held multiple times, "incremental gains" in judicial economy are "not sufficient to justify overriding the inconvenience to the parties and witnesses." *Honeywell*, 2024 WL 302397, at *3 (quoting *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021)). As compared to *Microsoft* and *Google*, this case involves different accused software and products (Apple Pay and Apple Wallet implemented on Apple products) and involves different discovery, evidence, and issues from the other Proxense cases. *Id.* Although this factor does not favor transfer, the "incremental gains" in judicial economy in this case should not override inconvenience to parties and witnesses.

### C.    The Public Interest Factors Favor Transfer Or Are Neutral.

One of the public interest factors favor transfer because the NDCA has a strong local interest in this matter. The remaining three factors are neutral.

#### 1.    The Court Congestion Factor Is Neutral.

The relevant inquiry under the court congestion factor is the "speed with which a case can come to trial and be resolved[.]" *Genentech*, 566 F.3d at 1347. The Federal Circuit has "noted that 'the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics.'" *Apple*, 2021 WL 5291804, at *4 (citation omitted). Where a patentee is a non-practicing entity like Proxense, this factor should not have any weight. *Google*, 58 F.4th at 1383. The court congestion factor is neutral.

#### 2.    The Local Interest Factor Favors Transfer.

The local interest factor strongly favors transfer to the NDCA. This factor looks to the location of events that gave rise to the suit, such as where "the accused products were designed, developed, and tested." *Apple,* 979 F.3d at 1345; *In re Apple Inc.,* No. 2022-128, 2022 WL

1196768, at *3 (Fed. Cir. Apr. 22, 2022) (finding local interest where "research, design, and development of the accused functionality occurred in that district"); *Clarke*, 94 F.4th at 511 ("We focus on the *events—not the parties.*") (emphasis in original).

Here, the NDCA has strong local interests in this case because: (1) Apple's research, design, and development of the accused technology primarily takes place and is managed there; (2) Apple's headquarters and the relevant portion of its workforce are there; (3) the majority of Apple's likely witnesses and evidence are there; and (4) the alleged pre-suit communications were centered there. *See supra* Section II.A-B; Section IV.B.1-3; Complaint, Ex. 39; *Parus Holdings, Inc. v. Microsoft Corp.*, No. 6:21-CV-00570-ADA, 2022 WL 17420391, at *10 (W.D. Tex. Nov. 29, 2022) (local interest factor "heavily" favored transfer because Microsoft's "headquarters are in [the transferee's district] and the teams that designed and developed the Accused Products are primarily located in the [same location.]"); *see also In re Hoffman-La Roche, Inc.,* 587 F.3d 1333 at 1336, 38 (Fed. Cir. 2009) (local interest was "self-evident" because it called "into question the work and reputation of several individuals" in or near the transferee's district).

Although Proxense's complaint generically identifies Apple's locations in Austin and the fact that Apple has job postings for positions in Austin related to Apple Pay (Complaint ¶¶ 6-8, 12-15), the Federal Circuit has rejected this as a cognizable tie to this District. Rather, under the local interest factor, "a party's 'general presence in a particular district' does not alone 'give that district a special interest in the case.'" *See Apple*, 2022 WL 1196768, at *3; *see also TikTok,* 85 F.4th at 364 (courts "look not to 'the parties' significant connections to each forum … but rather the significant connections between a particular venue and the events that gave rise to a suit.'") (internal citation omitted). To the extent that Apple has employees working in the Apple Pay

organization in Austin, their actions were not "events that gave rise to [the] suit" and are unrelated to the "research, design, and development of the accused functionality." Rather, employees in Austin work on unaccused functionality or in business positions unrelated to alleged infringement. Although a small portion of the Secure Enclave team works in Austin, Apple witnesses in California are more knowledgeable about the Secure Enclave and other accused features were developed primarily in the NDCA and (to a lesser extent) Prague.

The complaint points to an Apple manufacturing facility in Austin that produces the Mac Pro. Complaint ¶¶ 12-13, 18. But Proxense's infringement contentions focus on iPhone, without disclosing the details of how they contend the Mac Pro—a standalone desktop tower with no biometric sensors—allegedly infringes. *See generally* Ex. 23.

Furthermore, Austin Telco's presence in this District does not create a unique local interest. As discussed in Section IV.B.3, Apple's relationship with Austin Telco is not unique as compared to any number of other banks located in the NDCA. If the relationship with Austin Telco gives rise to a local interest in this District, the same is true for the NDCA.

### 3. Familiarity With Governing Law And Conflicts Of Law Are Neutral.

Finally, the last two public interest factors—familiarity with the governing law and conflicts of law—are neutral. There are no perceived conflicts of law and both districts are qualified to apply patent law. *See Magic Cross Ranch, L.P. v. Manion*, No. 3:12-CV-00541-P, 2012 WL 13027449, at *3 (N.D. Tex. Sept. 25, 2012).

## V.    CONCLUSION

Four of the eight factors favor transfer to the NDCA, three are neutral, and the Court has previously ruled that one factor disfavors transfer. The four factors favoring transfer are given the most weight. On balance, these factors demonstrate that the NDCA is clearly the more convenient venue for this case. Apple respectfully requests transfer of this case to the NDCA.

Date: July 12, 2024                  Respectfully submitted,

                                     */s/ John M. Guaragna*
                                     John M. Guaragna (Bar No. 24043308)
                                     DLA PIPER LLP (US)
                                     303 Colorado Street, Suite 3000
                                     Austin, TX 78701
                                     Telephone: (512) 457-7000
                                     Facsimile: (512) 457-7001
                                     john.guaragna@us.dlapiper.com

                                     Sean Cunningham (*pro hac vice*)
                                     Erin Gibson (*pro hac vice*)
                                     Robert Williams (*pro hac vice*)
                                     Peter Maggiore (*pro hac vice*)
                                     DLA PIPER LLP (US)
                                     4365 Executive Drive, Suite 1100
                                     San Diego, CA 92121
                                     Tel: (858) 677-1400
                                     Fax: (858) 677-1401
                                     sean.cunningham@us.dlapiper.com
                                     erin.gibson@us.dlapiper.com
                                     robert.williams@us.dlapiper.com
                                     peter.maggiore@us.dlapiper.com

                                     Nandan R. Padmanabhan (*pro hac vice*)
                                     Benjamin Yaghoubian (*pro hac vice*)
                                     Martin M. Ellison (*pro hac vice*)
                                     DLA PIPER LLP (US)
                                     2000 Avenue of the Stars
                                     Suite 400, North Tower
                                     Los Angeles, CA 90067
                                     Tel: (310) 595-3000
                                     Fax: (310) 595-3300
                                     nandan.padmanabhan@us.dlapiper.com
                                     benjamin.yaghoubian@us.dlapiper.com
                                     martin.ellison@us.dlapiper.com

                                     Jessica Hannah (*pro hac vice*)
                                     DLA PIPER LLP (US)
                                     555 Mission Street, Suite 2400
                                     San Francisco, CA 94105
                                     Tel: (415) 836-2500
                                     Fax: (415) 659-7370
                                     jessica.hannah@us.dlapiper.com

16

1611029470

*Attorneys for Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record were served a copy of the above document and all sealed attachments thereto via email on July 12, 2024.

*/s/ John M. Guaragna*
John M. Guaragna

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), counsel for Defendant has conferred with counsel for Proxense in a good faith effort to resolve the matter presented herein. Counsel for Proxense opposes the instant Motion.

*/s/ John M. Guaragna*
John M. Guaragna

17

1611029470