| | |
|---|---|
| PROXENSE, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 6:24-cv-00143-ADA |
| APPLE, INC. | |
| Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## I.    INTRODUCTION

Proxense seeks leave to amend its complaint to dismiss, with prejudice, all allegations that Apple infringes currently asserted U.S. patents 9,049,188 (the 188 Patent) and 9,298,905 (the 905 patent) and to add allegations that Apple infringes U.S. Patent No. 9,679,289 (the 289 Patent). This case is in its early stages; discovery has not begun and claim construction briefing has not yet been submitted. The addition of the 289 Patent will not materially alter increase the scope of this case because it is part of the same family as (and has similar claims to) the 188 as well as currently asserted U.S. Patent No. 8,646,042, which will remain in the case. The removal of the 905 patent will also not materially alter the scope of this case because it is in the same family as (and has similar claims to) currently asserted U.S. Patents 8,352,730; 8,886,954; and 10,698,989.   Under the lenient standards of Rule 15(a)(2), the Court should grant Proxense leave to amend. The Parties met and conferred and agreed on an adequate extension of time for claim construction briefing and, concomitantly, all other dates on the scheduling order (which has been so ordered by the Court) and, as a result, Apple does not oppose this motion.

The dismissal of the 188 patents and 905 patents will be **with prejudice**.

## II.    RELEVANT FACTS

Proxense filed its Complaint for patent infringement on March 18, 2024.  Dkt. 1.  In that complaint, Proxense alleged that Apple infringed the following U.S. patents:  8,352,730 (730 patent); 9,298,905 (905 patent); 8,886,954 (954 patent); and 10,698,989 (together, the 730 family) as well as 8,646,042 (042 patent) and 9,049,188 (188 patent) (together, the 042 family). On July, 2, 2024 the parties jointly moved for the entry of a scheduling order setting the *Markman* hearing, tentatively, for November 26, 2024 and setting Trial, tentatively, for December 8, 2025.

In mid-September, after the parties had exchanged claim terms for construction but before Apple filed its opening claim construction brief, Proxense informed Apple of its intent to dismiss

the 188 patent and assert infringement of U.S. Patent No. 9,679,289 (289 patent) in its stead. The Parties met and conferred, agreed to extend the schedule, and jointly filed an amended schedule that was then so-ordered by the Court on September 26, 2024. Dkts, 37-38.

## III. LEGAL STANDARD

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The relevant factors "include undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies, undue prejudice on the opposing party, and futility of the amendment." *Eisenberg v. Aurora Loan Services, LLC*, No. SA-11-CA-244-H, 2011 WL 13238507, at *1 (W.D. Tex. Oct. 25, 2011).

## IV. ARGUMENT

### A. There Has Been No Undue Delay, Bad Faith, or Dilatory Motive

Neither bad faith, undue delay, nor dilatory motive can be attributed to Proxense as a result of the proposed amendment. First, Apple does not oppose the amendment. Second, the case is very early stage, claim construction briefing has not yet been submitted and, as a result, merits discovery has not yet begun. Third, the scope of this case will not be affected in any way because: (a) the 905 patent is part of the 730 family and its claims are very similar to the 730, 989, and 954 patents, which will remain in the case; and (b) the 289 patent is in the 042 patent family and its claims are similar to, and accuse nearly the same aspects of Apple's products of infringement as, the 042 and 188 patents.

### B. There Has Been No Repeated Failures to Cure Deficiencies

There has only been one complaint filed in this case and there are no deficiencies at issue.

**C.    There is no Prejudice to Apple from Permitting Proxense to Amend**

The Parties have agreed to amend the schedule to allow Apple sufficient time to re-evaluate its claim construction positions before filing its opening claim construction brief. Merits discovery has not yet opened. The proposed amendment does not affect the pending motion to transfer.

In contrast, Proxense will suffer undue prejudice without the amendment because Proxense would be prevented from asserting this patent in the present litigation and would need to expend additional resources to bring another lawsuit to assert the 289 patent. Proxense would also be forced to continue to litigate the 905 patent, which it no longer intends to raise at trial.

**D.    Futility of the Amendment is not at Issue**

Because Apple does not oppose this motion, futility is not at issue.

**V.    CONCLUSION**

For the foregoing reasons, the Court should grant leave for Proxense to file the amended complaint that is attached as an exhibit to this motion. *See* Exhibit A.  Proxense agrees that the dismissal of the 188 patents and 905 patents will be with prejudice.

Dated: October 28, 2024                    Respectfully Submitted,


*/s/ David L. Hecht*
David L. Hecht (Co-Lead Counsel)
dhecht@hechtpartners.com
Maxim Price (*pro hac vice* pending)
mprice@hechtpartners.com
Yi Wen Wu (*pro hac vice* pending)
wwu@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 851-6821

Brian D. Melton (Co-Lead Counsel)
bmelton@susmangodfrey.com
Geoffrey L. Harrison

gharrison@susmangodfrey.com
Meng Xi
mxi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 653-7807
Facsimile: (713) 654-6666

Lear Jiang
ljiang@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (3103) 789-3150

*Counsel for Plaintiff Proxense, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 28, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing and all ancillary documents filed concurrently herewith and referenced herein via CM/ECF.

*/s/ David L. Hecht*
David L. Hecht

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), Proxense, LLC certifies that counsel has complied with the meet and confer requirement of the Local Rules. Apple, Inc does not oppose the foregoing motions.

*/s/ David L. Hecht*
David L. Hecht