███████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| PROXENSE, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant*. | CIVIL ACTION NO. 6:24-cv-00143-ADA<br><br>██████████ |

## APPLE'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER

**TABLE OF CONTENTS**

<b>Page</b>

I.      Introduction ...................................................................................................... 1

II.     The Private Interest Factors Favor Transfer To The NDCA ............................ 1

    A.     The convenience of witnesses factor strongly favors transfer ............................. 1

    B.     Judicial economy does not compel denial of transfer ............................................ 3

    C.     Ease of access to sources of proof favors transfer ................................................ 4

    D.     The availability of compulsory process favors transfer ....................................... 4

III.    The Public Interest Factors Favor Transfer To The NDCA ............................ 5

    A.     Court congestion is neutral .................................................................................... 5

    B.     Local interest favors transfer ................................................................................. 5

1614212078

███████████

## I.    INTRODUCTION

Apple's sworn declarations show that the vast majority of its likely witnesses are located in the NDCA and Proxense cannot credibly claim otherwise. Proxense entirely ignores that the key Apple witness for Passkeys, one of two categories of technology at issue in this case, is located in the NDCA. For the second category of technology, Apple Pay/Wallet, Proxense improperly discounts nine knowledgeable witnesses located in the NDCA. Proxense chose to remain willfully blind to relevant sources of evidence by not deposing any non-Texas declarants. Realizing the relevant sources of evidence are concentrated in the NDCA, Proxense advances speculative arguments about the relative knowledge of tangential witnesses and focuses on Apple's Tap to Pay feature, which is not accused in this case. Under Federal Circuit law, purported incremental gains in judicial economy based on Proxense's cases against Microsoft and Google in this District do not outweigh the enormous inconvenience to numerous Apple witnesses if this case were to proceed in the WDTX. Apple's motion should be granted.

## II.    THE PRIVATE INTEREST FACTORS FAVOR TRANSFER TO THE NDCA

### A.    The convenience of witnesses factor strongly favors transfer

Apple presented sworn testimony establishing that the key Apple witnesses in this case are located in the NDCA. Proxense's characterization of Apple's declarations as "vague" is wrong. Opp. 3. Apple's declarations do not "merely 'point to teams and employees in [the NDCA]'" (Opp. 3, 9), but rather provide detailed information from Apple's expected trial witnesses. Mot. 3-4. For example, Mr. ██████ stated that he "████████████ ████████████████████████████████████████████████████████████ ." ██████ Decl. ¶ 4. In contrast, Proxense's unfounded and speculative attacks do not undermine Apple's showing that its likely witnesses are in the NDCA.

████████████████

First, regarding Passkeys (one of the two categories of accused technology), Apple has shown that ████████, who is based in the NDCA, is the most knowledgeable Apple witness on this technology. Mot. 4; ██████ Decl.¶ 3. Proxense does not address or dispute this point and there are no likely witnesses for Passkeys based in the WDTX.

Second, as to the accused Secure Enclave technology involved in Apple Pay, Proxense cannot credibly dispute that ████████ (located in the NDCA) is the most knowledgeable Apple witness. ██████████████████████████████

████████████████████████████████████████

████████████████████████████████. Despite his detailed declaration regarding his tenure and experience overseeing Secure Enclave, Proxense now alleges that several Austin-based individuals (Messrs. ████████████████████) are more knowledgeable about Secure Enclave than Mr. ██████. But each of these arguments are easily refuted: (1) Proxense does not point to any unique knowledge the now-retired ████ possesses that should be imputed from *Carbyne* to this case. (2) Proxense claims that ████ "is knowledgeable about Public Key Accelerator," but Proxense did not accuse this feature. Ex. 2, Infringement Claim Charts. (3) For ████████████████, only 30% and 50%, respectively, of their work involves the Secure Enclave. Ex. 3, ██████ Dep., at 15:7-9; Ex. 4, 10/4/24 ████ Dep., at 10:14-16. (4) ████████ was the manager of ████████ manager and started working on the Secure Enclave in 2011 (██████ Decl. ¶ 3), nine years before ████ even joined Apple.[1] Ex. 5, 12/21/21 ██████ Dep., at 13:24-14:2, 28:19-29:1, 34:15-21.

---

[1] Proxense's attempt to cast doubt on ████████ testimony is completely unfounded. Opp. 5, n.4. Apple has been candid and forthcoming in its submissions, affirmatively identifying individuals in the WDTX in an abundance of transparency. *See, e.g.*, Mot. 8; ████ Decl. ¶ 4; ████ Decl. ¶ 4.

███████████████████

(5) The mass of "biometric authentication" evidence is concentrated outside of Texas, including ██████████ and his team of 22 employees in the NDCA. ████████ Decl. ¶¶ 3-4.

Proxense's attempt to rely on six Apple declarants in Austin (several of whom were responding to Proxense's own unfounded allegations) is meritless. Opp. 3. For two of these witnesses (████████████████), Proxense does not refute Apple's showing that they do not have unique knowledge relevant to this case. Mot. 5, 8; Opp. 8, n.6. The four remaining individuals (Cervantes, Johnson, Coulter, and Antunovic) are people that Proxense identified in the Complaint, apparently through random LinkedIn searches. But none of them are likely to be witnesses in this case: (1) Mr. Coulter cannot ██████████████████████ ██████████████ and does not know if anyone in Austin has such access. Ex. 6, Coulter Dep., at 12:7-13:7. It is ████████ (in the NDCA) who will provide that evidence. Mot. 3-4, 10-11. (2) Ms. Cervantes is not a relevant witness because she manages business-related aspects of Apple Pay and unaccused Tap to Pay, such as ██████████████████████████ ████████████. Mot. 5; Ex. 7, Cervantes Dep., at 15:10-13, 29:13-15, 35:1-7. (3) Proxense's reliance on Mr. Johnson's Tap to Pay work is misplaced because Tap to Pay is neither accused nor part of Apple Pay.[2] Dkt. No. 43 ¶¶ 61-63; Ex. 8, Johnson Dep., at 14:2-14, 35:12-36:9. (4) Finally, Mr. Antunovic (who Proxense did not depose), does not work on the accused features and Proxense offers no reason why he is relevant. Antunovic Decl. ¶ 3.[3]

### B. Judicial economy does not compel denial of transfer

Proxense relies heavily on *In re Google* claiming that judicial economy alone should

---

[2] Proxense's First Amended Complaint does not accuse Tap to Pay. Dkt. No. 43.
[3] Proxense's other arguments about willing witnesses are also easily refuted. Proxense claims ██████████ "regularly travels to Austin" (Opp. 7), but he has not traveled to Austin for Apple Pay since 2019. Ex. 9, Apple's First Supplemental Response to Proxense's Interrogatory No. 4, at 14. Nor does Proxense meaningfully dispute that ████████████████████ are not expected trial witnesses. Opp. 8, n.6; Mot. 5-6, n.1.

1614212078

███████████████

"lead to denial" of Apple's motion. Opp 1. But *In re Google* does not displace the Federal Circuit's holdings that "incremental gains" in judicial economy are "not sufficient to justify overriding the inconvenience to the parties and the witnesses." *In re Honeywell*, No. 2023-152, 2024 WL 302397, at *3 (Fed. Cir. Jan. 26, 2024) (quoting *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021)). Here, there are numerous likely witnesses who would be inconvenienced if this case remains in the WDTX, along with several other factors that also favor transfer (*e.g.* sources of proof, compulsory process, local interest). Although remaining in the WDTX could offer some incremental gains to judicial economy, the mere possibility of inconsistent claim constructions and expenditure of judicial resources are "not sufficient to justify overriding the inconvenience to the parties and the witnesses." 2024 WL 302397, at *3.[4]

### C.    Ease of access to sources of proof favors transfer

Apple has established through sworn declarations that relevant ██████████████ ████████ are in the NDCA. Mot. 10. Although Proxense now asserts that the relevance of these ██████████████ is "unclear" (Opp. 10), Proxense chose not to seek clarity by deposing any relevant Apple witnesses. And despite arguing that the only evidence "that may require physical inspection is source code" (Opp. 10), Proxense ignores that Apple already made its code available for inspection in the NDCA. Ex. 10, 8/15/24 Ltr. to Proxense.

### D.    The availability of compulsory process favors transfer

First, Proxense does not dispute that Patent Law Works, located in the NDCA, possesses relevant knowledge about an offer to sell the Proxense portfolio to Apple. Even if one individual

---

[4] *In re Google* is distinguishable. There, the Federal Circuit found no abuse of discretion because *no* factor weighed against transfer: "the most important witness because of his knowledge of the accused functionalities" resided in the WDTX; local interest favored the WDTX because much of the direction and leadership in design and implementation of the accused functionality occurred there; and no third-party potential witnesses resided in the California forum. *In re Google LLC*, No. 2024-117, 2024 WL 1460003, at *1 (Fed. Cir. Apr. 4, 2024).

████████████████

from Patent Law Works, Mr. Sueoka, may be a willing witness, compulsory process over Patent Law Works still favors transfer. Second, Proxense's speculation about potential third parties in the WDTX stands in stark contrast to Apple's evidence that specific prior art inventors are in the NDCA. Mot. 12. Third, Proxense's reliance on Austin-based employees' communications with third parties is irrelevant. For example, Ms. Cervantes stated ████████████████████ ████████████████████████. Ex. 7, Cervantes Dep., at 23:4-25:20. ████████████████████ is related to Tap to Pay, which is not accused. Complaint ¶¶ 61-63; Ex. 8, Johnson Dep., at 14:2-14, 35:12-36:9.

## III.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER TO THE NDCA

### A.    Court congestion is neutral

The WDTX and the NDCA "show no significant differences in caseload or time-to-trial statistics." Mot. 13. Further, this factor should be afforded little weight for a non-practicing entity like Proxense. Mot. 13. *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023).

### B.    Local interest favors transfer

The local interest factor focuses on where the accused products were designed, developed and tested. Mot. 13. Here, Apple has established that the key design, development, and operation of Apple Pay/Wallet, Secure Enclave, and Passkeys, are overwhelmingly concentrated in the NDCA – where Apple has been headquartered since its founding in 1976. Mot. 2-3, 7-8. Proxense's speculation about team members in Austin should be disregarded for the reasons discussed above. Proxense further argues that Apple Pay partners with offices in the WDTX give rise to a local interest. Opp. 14-15 (identifying PayPal and Visa). But even if the location of some Apple partners could overcome the fact that the accused products were designed and developed in the NDCA (it cannot), Proxense ignores the fact that both PayPal and Visa are headquartered in the NDCA. *See* Ex. 11, PayPal Headquarters; Ex. 12, Visa Headquarters.

Date: November 1, 2024                    Respectfully submitted,

                                          /s/ *John M. Guaragna*
                                          John M. Guaragna (Bar No. 24043308)
                                          DLA PIPER LLP (US)
                                          303 Colorado Street, Suite 3000
                                          Austin, TX 78701
                                          Telephone: (512) 457-7000
                                          Facsimile: (512) 457-7001
                                          john.guaragna@us.dlapiper.com

                                          Sean Cunningham
                                          Erin Gibson
                                          Robert Williams
                                          Peter Maggiore
                                          DLA PIPER LLP (US)
                                          4365 Executive Drive, Suite 1100
                                          San Diego, CA 92121
                                          Tel: (858) 677-1400
                                          Fax: (858) 677-1401
                                          sean.cunningham@us.dlapiper.com
                                          erin.gibson@us.dlapiper.com
                                          robert.williams@us.dlapiper.com
                                          peter.maggiore@us.dlapiper.com

                                          Nandan R. Padmanabhan
                                          Benjamin Yaghoubian (*pro hac vice*)
                                          Martin M. Ellison (*pro hac vice*)
                                          DLA PIPER LLP (US)
                                          2000 Avenue of the Stars
                                          Suite 400, North Tower
                                          Los Angeles, CA 90067
                                          Tel: (310) 595-3000
                                          Fax: (310) 595-3300
                                          nandan.padmanabhan@us.dlapiper.com
                                          benjamin.yaghoubian@us.dlapiper.com
                                          martin.ellison@us.dlapiper.com

                                          Jessica Hannah
                                          DLA PIPER LLP (US)
                                          555 Mission Street, Suite 2400
                                          San Francisco, CA 94105
                                          Tel: (415) 836-2500
                                          Fax: (415) 659-7370
                                          jessica.hannah@us.dlapiper.com

6

*Attorneys for Apple Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record were served a copy of the

above document and all sealed attachments thereto via email on November 1, 2024.

*/s/ John M. Guaragna*
John M. Guaragna

1614212078